

MOT / ALL
Transmittal Number: 16995784
Date Processed: 08/10/2017

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Ms. Lynn Radliff<br>Amazon.Com, Inc.<br>P.O. Box 81226<br>Seattle, WA 98108-1226 |
| **Electronic copy provided to:** | Tammy Malley-Naslund<br>Dung Phan<br>Jesse Jensen<br>Karen Curtis<br>Lizette Fernandez<br>Theresa Nixon<br>Annamaria Taskai<br>Elizabeth Hernandez<br>Katie Loughnane<br>Scotty Bauder<br>Maria Catana<br>Gianmarco Vairo<br>Rochelle Lewis<br>Joell Parks |
| **Entity:** | Amazon.Com LLC<br>Entity ID Number 1933520 |
| **Entity Served:** | Amazon.com, LLC |
| **Title of Action:** | Christy Stokes vs. Ivolution Sports, Inc. d/b/a IV2 Helmets |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Death |
| **Court/Agency:** | Laclede County Circuit Court, Missouri |
| **Case/Reference No:** | 17LA-CC00043 |
| **Jurisdiction Served:** | Missouri |
| **Date Served on CSC:** | 08/10/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Craig R. Heidemann<br>417-326-5261 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com



# IN THE 26TH JUDICIAL CIRCUIT COURT, LACLEDE COUNTY, MISSOURI

| Judge or Division: | Case Number: 17LA-CC00043 |
|---|---|
| Plaintiff/Petitioner:<br>CHRISTY STOKES<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CRAIG RICHARD HEIDEMANN<br>P O BOX 117<br>111 WEST BROADWAY<br>BOLIVAR, MO 65613 |
| Defendant/Respondent:<br>IVOLUTION SPORTS, INC | Court Address:<br>LACLEDE COUNTY COURTHOUSE<br>200 N ADAMS<br>LEBANON, MO 65536 |
| Nature of Suit:<br>CC Wrongful Death | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: AMAZON.COM, LLC
Alias:
C/O CSC-LAWYERS INC SERVICE CO
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101



COURT SEAL OF
LACLEDE COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____7/21/2017_____     /S/WANDA TYRE, CIRCUIT CLERK
Date                                              Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                         _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____      _____
                         Date                Notary Public

**Sheriff's Fees**
Summons         $_____
Non Est         $_____
Sheriff's Deputy Salary
Supplemental Surcharge   $___10.00___
Mileage         $_____ (_____ miles @ $_____ per mile)
Total           $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* Document Id # 17-SMCC-764     1 of 1     Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:17-cv-03269-MDH   Document 1-1   Filed 08/24/17   Page 2 of 12

IN THE CIRCUIT COURT OF LACLEDE COUNTY
STATE OF MISSOURI

CHRISTY STOKES,

                              Plaintiff,

vs.                                                                         Case No. _____

IVOLUTION SPORTS, INC.,
d/b/a IV2 Helmets

Serve:
IV2 Helmets
1500 Commerce Street
Corona CA 92880

ZHEJIANG BIO-INDUSTRY & TRADE
CO., LTD
a/k/a Bio-Industry & Trade Co., Ltd.

and,

AMAZON.COM LLC,

Serve:
CSC-Lawyers Incorporating Service Co.
221 Bolivar Street
Jefferson City, Mo 65101

                              Defendants.

## PETITION

COMES NOW, Plaintiff, through counsel, and for this Petition states:

1. Plaintiff is within the statutory class entitled to bring suit for the wrongful death of Albert L. Stokes pursuant to § 537.080 R.S.Mo.

2. Plaintiff is the natural mother of Albert L. Stokes, deceased.

3. Plaintiff has one surviving child, Alyson, whose natural mother is Michelle Tarczynski and who has been provided notice of the institution of this suit.

1

4. Plaintiff seeks damages on behalf of the entire class of wrongful death beneficiaries available under the statute.

5. Plaintiff is a resident of Missouri.

6. Defendant, Ivolution Sports, Inc. is a California corporation and at all times pertinent to this petition was not authorized to do business within the State of Missouri.

7. Ivolution Sports, Inc. d/b/a IV2 Helmets transacted business in Missouri, entered into contracts in Missouri, and committed the tort underlying this suit in Missouri.

8. Defendant Bio-Industry & Trade Co., Ltd a/k/a Zhejiang Bio-Industry & Trade Co., Ltd. is a foreign corporation not registered to do business in Missouri that manufactured the helmet sold by Ivolution.

9. Defendant Amazon.com LLC is a Delaware corporation registered to do business in Missouri that sold the helmet to the mother of Plaintiff's surviving child.

10. At all times, with respect to the helmet at issue herein, Defendants were joint manufacturers, distributers and sellers in the stream of commerce.

11. Defendants are joint tortfeasors and are jointly and severally liable to Plaintiff for the wrongful death of Albert Stokes.

12. Venue is proper pursuant to § 508.010 R.S.Mo. in that Plaintiff was first injured by Defendant's wrongful acts and negligent conduct in Laclede County, Missouri.

13. The IV2 helmet was purchased from Amazon.com in Missouri and, upon information and belief, the order was fulfilled in Missouri.

14. The helmet was purchased by Michelle Tarczynski and given to decedent as a gift.

15. The helmet was manufactured in April of 2013.

16. The helmet was designed, produced, marketed and sold by Defendants either individually and/or collectively in one or more pertinent respects.

17. On June 3, 2014, Albert L. Stokes was wearing the IV2 helmet while riding his 2012 Kawasaki ZX6R traveling westbound on CRD Pecos Drive in Laclede County, Missouri on his 2012 Red Kawasaki ZX6R.

18. Mr. Ralph Legan was driving his 1993 Red Ford Ranger and heading eastbound.

19. Mr. Legan attempted to make a left hand turn into a private drive, failed to yield, and turned into the path of the oncoming motorcycle driven by Mr. Stokes.

20. The front portion of the truck was in the private drive and the rear portion was still in the roadway when Mr. Stokes attempted to avoid the accident by braking his motorcycle causing his tires to skid.

21. Mr. Stokes motorcycle collided with the Ford Ranger's right side, ejecting Mr. Stokes from his motorcycle.

22. The collision was violent.

23. Mr. Legans Ranger began sliding and rotated clockwise, coming to a rest in a private drive on the north side of the roadway, facing south.

24. Mr. Stokes motorcycle traveled off the right side of the roadway coming to rest on the north side of the road, facing west.

25. The collision occurred at approximately 12:50 in the afternoon.

26. At the time of the collision, the weather was clear, and road conditions were dry.

27. The Stokes motorcycle hit the Ford Ranger with such violent force as to cause the Ranger to sustain:

    a. Right side bed-major damage-big dents and thick scratches

3

b. Right side tail end damage-dents and scratches

   c. Right tire and rim damage

   d. Right passenger door damage

   e. Right side truck frame damage

   f. Right front dent (by headlight) moderate dent and scratches

28. All wrongful death claims against the driver Mr. Legan have been compromised and settled prior to the filing of this action.

29. At the time of manufacture, distribution and sale, the helmet was unreasonably dangerous and defectively manufactured in that in the accident the helmets straps became loose from the hangers due to a simple suture not being sewn correctly in place on the chin strap.

30. This suture was not placed on the helmet chin strap at the time of manufacturing and it existed at the time of sale.

31. Because the strap was loose from the hanger, the helmet chin strap was not able to carry the loads that were produced during this accident, then causing Mr. Stokes helmet to come off at some point during this accident and allowing his unprotected head to contact the metal structures of the accident vehicle and/or the pavement.

32. Because of it's negligent and defective design and manufacturing, the IV2 helmet, identified as HY901 DOT FMVSS NO. 218, failed to protect decedent's head and thereby caused him to suffer head injuries which resulted in decedent's death on June 3, 2014.

33. At no time was the helmet materially modified by Plaintiff or any third party or any subsequent seller in the stream of commerce.

4

## COUNT I—STRICT LIABILITY

34. Plaintiff incorporates all preceding allegations by reference as if set out in full in this count.

35. Defendants designed and/or manufactured and/or distributed and/or marketed and/or sold the helmet in the ordinary course of business.

36. The helmet was unreasonably defective at the time that it was designed, manufactured, sold and at the time it left the control of Defendants as set forth above and the helmet from performing its function of protection of a vital organ, the brain.

37. The helmet was in a defective, unreasonably dangerous condition when put to a reasonably anticipated use.

38. The helmet involved in this incident was used in its foreseeable and reasonably anticipated manner and was in the defective condition as it existed when sold.

39. Defendants misrepresented material facts concerning the character or quality of the helmet and/or helmet strap, and its ability to protect the head, and the misrepresentations were made to the public and decedent justifiably relied upon the misrepresentation in deciding to use the helmet and he suffered physical injury and death and a direct and proximate result thereof.

40. Albert L. Stokes' untimely death was directly and proximately caused by one or more of the defects in the helmet and/or misrepresentations of the Defendants.

41. As a direct and proximate result of the defects in the helmet and the misrepresentations which caused or contributed to cause Albert L. Stokes' resulting death, the wrongful death beneficiaries of Albert L. Stokes have lost his services,

5

consortium, companionship, comfort, instruction, guidance, counsel, training, support, love and affection.

42. Plaintiff seeks damages for that pain and suffering Albert L. Stokes could have recovered had death not ensued and for the medical and final expenses of Albert Stokes.

43. Plaintiff has sustained a pecuniary loss by reason of funeral expense.

**WHEREFORE**, Plaintiff prays for judgment against Defendants on behalf of the wrongful death beneficiaries of decedent, jointly and severally, for such damages as are fair and reasonable, for her costs, and for such other relief as the court deems just and proper.

## COUNT II—NEGLIGENCE, NEGLIGENT DESIGN, MANUFACTURE, OR FAILURE TO WARN

44. Plaintiff incorporates all preceding allegations by reference as if set out in full in this count.

45. Defendants had a duty to use ordinary care in the design, manufacturing, distribution, marketing and sale of the helmet.

46. Defendants designed and/or manufactured and/or distributed and/or marketed and/or sold the helmet in the ordinary course of business.

47. The helmet was defective in that in that the chin strap was manufactured without the proper suture causing the strap to come lose and the helmet to come off during the collision, thereby impeding the ability of helmet to perform its primary function of protection of the head and brain.

48. Alternatively, the helmet was manufactured in such a way that it was susceptible to coming off of a riders head in a right angle collision with a motor vehicle leaving the rider's head unprotected.

49. Defendants failed to use ordinary care to design and/or manufacture and/or marketing and/or sale of the helmet and failed to make the helmet reasonably safe.

50. The helmet was defective in that it was imperfect at the time of sale by virtue of the missing chin strap suture when measured against a standard existing at the time of sale or against reasonable consumer expectations held at the time of sale.

51. Defendants owed Albert L. Stokes and Plaintiff a duty to use ordinary care to adequately warn Albert L. Stokes of the risk of harm from the helmet's defects both before and after the time of sale.

52. Defendants breached their duty as set forth above and were thereby negligent.

53. Defendants' negligence directly and proximately caused Albert L. Stokes to sustain severe, irreversible injuries directly leading to his untimely death.

54. As a direct and proximate result of the defects in the helmet and Albert L. Stokes' resulting death, the wrongful death beneficiaries of Albert L. Stokes have lost his services, consortium, companionship, comfort, instruction, guidance, counsel, training, support, love and affection.

55. Plaintiff seeks damages for that pain and suffering Albert L. Stokes could have recovered had death not ensued.

56. Plaintiff has also sustained a pecuniary loss by reason of funeral expense.

7

WHEREFORE, Plaintiff prays for judgment against Defendants on behalf of the wrongful death beneficiaries, jointly and severally, for such damages as are fair and reasonable, for their costs, and for such other relief as the court deems just and proper.

## COUNT III—STRICT LIABILITY FAILURE TO WARN

57. Plaintiff incorporates all preceding allegations by reference as if set out in full in this count.

58. Defendants designed and/or manufactured and/or distributed and/or marketed and/or sold the helmet in the ordinary course of business.

59. As manufactured, the helmet was unreasonably dangerous when put to a reasonable anticipated use without knowledge of its characteristics.

60. Defendants failed to warn and/or failed to adequately and properly warn and/or inform consumers and ordinary users, including but not limited to Albert L. Stokes and his parent, about the product's dangerous propensities and defects as well as about the precautions that consumers and ordinary users must take and the risk they are exposed to in the use of the product.

61. On June 3, 2014, Albert L. Stokes used the helmet in a manner reasonably anticipated by Defendants

62. As a result of Defendants' failure to warn and/or failure to adequately and properly warn and/or inform ordinary users, including but not limited to Albert L. Stokes, Albert L. Stokes died.

63. As a direct and proximate result of the defects in the helmet and Albert L. Stokes' resulting death, the wrongful death beneficiaries lost Albert L. Stokes' services,

8

Case 6:17-cv-03269-MDH Document 1-1 Filed 08/24/17 Page 10 of 12

consortium, companionship, comfort, instruction, guidance, counsel, training, support, love and affection.

64. Plaintiff seeks damages for that pain and suffering Albert L. Stokes could have recovered had death not ensued.

65. Plaintiff has also sustained a pecuniary loss by reason of funeral expense.

**WHEREFORE**, Plaintiff prays for judgment against Defendants on behalf of the wrongful death beneficiaries, jointly and severally, and for such damages as are fair and reasonable, for their costs, and for such other relief as the court deems just and proper.

## COUNT IV – BREACH OF IMPLIED WARRANTY

65. Plaintiff incorporates the foregoing paragraphs by reference as if set forth more fully herein.

66. Decedent was a member of the helmet purchaser's family and Defendants should have reasonably expected decedent would use the helmet.

67. The helmet was defective when it left the manufacturer's possession or control.

68. At the time of sale by Amazon.com, the helmet was not fit for the ordinary purpose for which it is intended, to wit: use as a motorcycle helmet.

69. Albert Stokes used the product for its ordinary purposes and as a direct and proximate result, Albert Stokes suffered damages, personal injury and death.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, and for such damages as are fair and reasonable, for their costs, and for such other relief as the court deems just and proper.

9

DOUGLAS, HAUN & HEIDEMANN, P.C.
111 West Broadway, P.O. Box 117
Bolivar, Missouri 65613
Telephone: (417) 326-5261
Facsimile: (417) 326-2845


By___/s/_Craig R. Heidemann_____
    Craig R. Heidemann
    Missouri Bar No.
    Attorney for Plaintiff

10