IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTY STOKES, <br><br> Plaintiff, <br><br> vs. <br><br> IVOLUTION SPORTS, INC., ZHEJIANG BIO-INDUSTRY & TRADE CO., LTD, and AMAZON.COM LLC <br><br> Defendants. | Case No. 17-CV-03269 <br><br> Hon. M. Douglas Harpool |

## AMAZON.COM LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Amazon.com LLC ("Amazon"), by and through counsel, answers Plaintiff's Complaint, as set forth below.

Amazon denies all allegations contained in the Complaint except as specifically admitted in this Answer:

1. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies them.

2. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. The allegations in Paragraph 4 constitute Plaintiff's characterization of her Complaint to which no response is required. To the extent an answer is required, Amazon denies each and every allegation contained in Paragraph 4.

1

5. Amazon admits the allegations in Paragraph 5.

6. Amazon admits that Ivolution Sports, Inc. is a California corporation. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6.

7. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Amazon admits that Bio-Industry & Trade Co., Ltd is a foreign corporation. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8.

9. Amazon admits that it is a Delaware limited liability company registered to do business in Missouri and denies all other allegations contained in Paragraph 9.

10. Amazon denies all allegations in Paragraph 10 insofar as they pertain to Amazon.

11. Amazon denies all allegations in Paragraph 11 insofar as they pertain to Amazon.

12. Amazon denies all allegations in Paragraph 12 that Amazon committed any wrongful acts or negligent conduct or that Amazon caused any injuries sustained by Plaintiff. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and therefore denies them.

13. Amazon denies that the helmet was purchased from Amazon.com. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore denies them.

14. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Amazon denies all allegations in Paragraph 16 insofar as they pertain to Amazon.

17. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

3

25. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, including all sub-paragraphs "a"-"f".

28. Amazon admits that all wrongful death claims against the driver Mr. Legan have been compromised and filed prior to the filing of this action pursuant to Laclede County, Missouri Circuit Court Case 15LA-CC0003.

29. Amazon denies all allegations in Paragraph 29 insofar as they pertain to Amazon.

30. Amazon denies all allegations in Paragraph 30 insofar as they pertain to Amazon.

31. Amazon denies all allegations in Paragraph 31 insofar as they pertain to Amazon.

32. Amazon denies all allegations in Paragraph 32 insofar as they pertain to Amazon.

33. Amazon denies all allegations in Paragraph 33 insofar as they pertain to Amazon. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33.

## COUNT I STRICT LIABILITY

COMES NOW Amazon and for its answer to Count I of the Plaintiff's complaint admits, denies and avers as follows:

4

34. Amazon restates its answers to Paragraphs 1 through 33 as if fully set forth herein.

35. Amazon denies all allegations in Paragraph 35 insofar as they pertain to Amazon.

36. Amazon denies all allegations in Paragraph 36 insofar as they pertain to Amazon.

37. Amazon denies all allegations in Paragraph 37.

38. Amazon denies all allegations in Paragraph 38.

39. Amazon denies all allegations in Paragraph 39 insofar as they pertain to Amazon.

40. Amazon denies all allegations in Paragraph 40 insofar as they pertain to Amazon.

41. Amazon denies all allegations in Paragraph 41.

42. The allegations in Paragraph 42 constitute Plaintiff's characterization of her Complaint to which no response is required. To the extent an answer is required, Amazon denies each and every allegation contained in Paragraph 42.

43. The allegations in Paragraph 43 constitute Plaintiff's characterization of her Complaint to which no response is required. To the extent an answer is required, Amazon denies each and every allegation contained in Paragraph 43.

**WHEREFORE** having fully answered Count I of Plaintiff's Complaint, Amazon prays to be discharged therefrom with its costs herein expended and incurred.

## COUNT II-NEGLIGENCE, NEGLIGENT DESIGN, MANUFACTURE, OR FAILURE TO WARN

**COMES NOW** Amazon and for its answer to Count II of the Plaintiff's complaint admits, denies and avers as follows:

44. Amazon restates its answers to Paragraphs 1 through 43 as if fully set forth herein.

45. The allegations of Paragraph 45 are conclusions of law to which no response is required. To the extent a response is required, Amazon denies all allegations of Paragraph 45.

46. Amazon denies all allegations in Paragraph 46 insofar as they pertain to Amazon.

47. Amazon denies all allegations in Paragraph 47.

48. Amazon denies all allegations in Paragraph 48.

49. Amazon denies all allegations in Paragraph 49 insofar as they pertain to Amazon.

50. Amazon denies all allegations in Paragraph 50.

51. The allegations of Paragraph 51 are conclusions of law to which no response is required. To the extent a response is required, Amazon denies all allegations of Paragraph 51 insofar as they pertain to Amazon.

52. Amazon denies all allegations in Paragraph 52 insofar as they pertain to Amazon.

53. Amazon denies all allegations in Paragraph 53 insofar as they pertain to Amazon.

54. Amazon denies all allegations in Paragraph 54.

55. The allegations in Paragraph 55 constitute Plaintiff's characterization of her Complaint to which no response is required. To the extent an answer is required, Amazon denies each and every allegation contained in Paragraph 55.

56. The allegations in Paragraph 56 constitute Plaintiff's characterization of her Complaint to which no response is required. To the extent an answer is required, Amazon denies each and every allegation contained in Paragraph 56.

**WHEREFORE** having fully answered Count II of Plaintiff's Complaint, Amazon prays to be discharged therefrom with its costs herein expended and incurred.

## COUNT III-STRICT LIABILITY FAILURE TO WARN

**COMES NOW** Amazon and for its answer to Count III of the Plaintiff's complaint admits, denies and avers as follows:

57. Amazon restates its answers to Paragraphs 1 through 56 as if fully set forth herein.

58. Amazon denies all allegations in Paragraph 58 insofar as they pertain to Amazon.

59. Amazon denies all allegations in Paragraph 59.

60. Amazon denies all allegations in Paragraph 60 insofar as they pertain to Amazon.

61. Amazon denies all allegations in Paragraph 61 insofar as they pertain to Amazon.

62. Amazon denies all allegations in Paragraph 62 insofar as they pertain to Amazon.

63. Amazon denies all allegations in Paragraph 63.

7

64. The allegations in Paragraph 64 constitute Plaintiff's characterization of her Complaint to which no response is required. To the extent an answer is required, Amazon denies each and every allegation contained in Paragraph 64.

65. The allegations in Paragraph 65 constitute Plaintiff's characterization of her Complaint to which no response is required. To the extent an answer is required, Amazon denies each and every allegation contained in Paragraph 65.

**WHEREFORE** having fully answered Count III of Plaintiff's Complaint, Amazon prays to be discharged therefrom with its costs herein expended and incurred.

## COUNT IV-BREACH OF IMPLIED WARRANTY

**COMES NOW** Amazon and for its answer to Count IV of the Plaintiff's complaint admits, denies and avers as follows:

65. Amazon restates its answers to Paragraphs 1 through 65 [sic] as if fully set forth herein.

66. Amazon denies all allegations in Paragraph 66 insofar as they pertain to Amazon.

67. Amazon denies all allegations in Paragraph 67.

68. Amazon denies all allegations in Paragraph 68 and specifically denies that Amazon sold the helmet at issue.

69. Amazon denies all allegations in Paragraph 69.

**WHEREFORE** having fully answered Count IV of Plaintiff's Complaint, Amazon prays to be discharged therefrom with its costs herein expended and incurred.

## ADDITIONAL DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Amazon states the following as defenses to the Complaint:

1. Plaintiff's claims against Amazon fail because Amazon did not manufacture, distribute, or sell the product at issue.

2. Plaintiff's Complaint fails to state a claim against Amazon upon which relief can be granted.

3. Plaintiff's claims are preempted and barred by the Communications Decency Act, 47 U.S.C. § 230.

4. Amazon places at issue the negligence, fault, and responsibility, if any, of all persons or entities who contributed in any degree to the injuries, damages, and/or losses alleged by Plaintiff in proportion to each persons' or entities' negligence, fault, or responsibility. Potential entities with fault include the manufacturer, Bio-Industry & Trade Co., Ltd; the distributor, Ivolution Sports, Inc.; the third party seller, FAST_SHIP_CAPTAIN; and any other entity who designed, manufactured, or sold the product at issue. The identity of non-parties who may have contributed to Plaintiff's alleged damages is unknown to Amazon at this time and Amazon reserves the right to identify such non-parties after they become known.

5. Plaintiff's alleged damages should be apportioned in accordance with the comparative fault of the manufacturer, distributor, seller, and any other parties found at fault. No judgment can be taken against Amazon for the fault of these entities or any other person or entity.

6. At all relevant times herein, Plaintiff's alleged damages may have been aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same.

9

Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of Plaintiff's failure to mitigate alleged losses.

7. Plaintiffs may have received compensation from alternate sources, including but not limited to third party Ralph Legan, and recovery must be reduced accordingly.

8. Pursuant to the provisions of Sec. 537.067 RSMO, if Amazon is found to bear less than 51% of the fault for the injuries and damages to Plaintiff, if any, which Amazon denies, then Amazon cannot be jointly and severally liable for the amount of the judgment rendered against Amazon and is only responsible for the percentage of the judgment which Amazon is determined to be responsible by the trier of fact and therefore, the trier of fact must compare the relative fault of all parties including Plaintiff and her decedent, all defendants, any non-named potential defendants, any settling defendants in the judgment rendered in this case, and any third parties.

9. Amazon states that it is entitled to the application of Sec. 537.060 RSMO in the amount of any settlement, release or covenant not to sue or similar agreement between Plaintiff and any parties to this action or between any non-party tort feasors.

10. While denying all averments of negligence, fault, or liability, Amazon states that Plaintiff's alleged damages resulted solely from the acts or omissions of persons or entities for which Amazon is neither liable nor responsible. Such acts or omissions on the part of others constitute an independent and intervening and/or superseding proximate cause of such injuries or damages.

11. Should the trier of fact determine that Amazon was guilty of negligence or fault which caused or contributed to cause the injuries and damages to Plaintiff, which Amazon denies, Amazon states that decedent was negligent in one or more of the following respects:

    a. decedent failed to use the highest degree of care in the operation of his vehicle;

    b. decedent failed to keep a proper lookout;

10

  c. decadent drove at an excessive speed;

  d. decedent failed to stop, swerve, slacken his speed, sound a warning, or swerve and sound a warning;

  d. decedent failed to yield the right of way; and

  e. decadent failed to properly inspect and insure that the equipment he was operating was in safe and reasonable condition of repair for the use for which he intended it.

As a direct and proximate result of the negligence of decedent, his death occurred and such negligence is attributable to the survivors of the decedent and the trier of fact should compare the fault of the parties.

  12. Plaintiff's claims are barred, in whole or in part, because the product(s) at issue Defendant allegedly designed, manufactured, distributed, and/or sold (including the product(s) design, manufacture, packaging, warnings, and instructions), complied at all times with applicable government standards and regulations, industry custom, and available technological, scientific, and industrial state of the art. As such, Plaintiff's claims are barred by the state of the art defense. Rev. Mo. Stat. § 537.764.

  13. Defendant further affirmatively alleges that the condition of the product may have been in such a state of disrepair that such condition led to the incident or occurrence alleged herein and that maintaining a state of good repair was the responsibility and obligation of the decedent and/or other persons.

  14. Plaintiff's claims may be governed by the law of another jurisdiction, such as Washington.

  15. Amazon is not the manufacturer or seller of the product, and did not participate in the chain of commerce, and as such is not subject to liability under § 537.760 R.S.Mo.

11

Case 6:17-cv-03269-MDH   Document 7   Filed 09/28/17   Page 11 of 13

16. Plaintiff and third party Michelle Tarczynski signed a release on June 24, 2016 on behalf of the entire statutory class entitled to bring suit for the wrongful death of decedent releasing all entities from any claims, demands, damages, losses, causes of action and actions arising from the accident which caused decedent's death.

17. The negligence, fault, and culpable conduct of the third-party Ralph Legan and/or other third parties, over whom Amazon had no control or right of control, caused the incident in which Plaintiff was damaged.

18. The instrumentality which allegedly damaged Plaintiff was not being used for its normal purpose and/or was being misused.

19. Any cause of action in warranty is barred because Plaintiff is not in privity with the answering defendants.

20. The warranty claims are precluded by the Amazon Conditions of Use in effect at the time of the purchase, which included that no representations or warranties of any kind, express of implied, were made by as a result of Amazon services and that warranties of merchantability and fitness for a particular purpose are disclaimed.

21. The defendants have no liability as per the Amazon Conditions of Use in effect at the time of purchase, which provide that Amazon shall not be liable for damages arising from the use of any Amazon.com service or from any product made available through any Amazon service including but not limited to the instrumentality in question.

22. The Amazon.com Conditions of Use in effect at the time of purchase(s) shall apply hereto.

Amazon reserves the right to assert additional defenses that it learns through the course of discovery.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Amazon prays that:

(1) Plaintiff's Complaint against Amazon be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) it recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted,

Amazon.com LLC

By /s/ Monte P. Clithero
One of Its Attorneys

Monte P. Clithero
Taylor, Stafford, Clithero, & Harris, LLP
3315 East Ridgeview
Suite 1000
Springfield, MO 65804
417/887-2020
Fax: 417/887-8431
Email: mclithero@taylorstafford.com